GILBERT J. HIRT v. LEADER HARDWARE &
FURNITURE STORE· AND ANOTHER.

244 N. W. 2d 269.

July 9, 1976—No. 46383.

*Scholle & Scholle* and *Mark Scholle,* for relators.
*Garland C. Brandt,* for respondent.

PER CURIAM.

Certiorari to review a decision of the Workers' Compensation Board awarding the employee compensation for temporary total, temporary partial and permanent partial disability. We affirm in part and reverse in part.

On November 1, 1969, the employee sustained a personal injury to his back that arose out of and in the course of his employment. A claim petition was filed seeking compensation for a 25-percent permanent partial disability of the back and temporary total disability from August 1, 1970, and continuing. The compensation board ultimately awarded the employee benefits for temporary total disability for the period October 7, 1970, through May 3, 1971, and for a minimum 10-percent permanent partial disability of the back. In their memorandum the majority of the board stated that the evidence indicated that the employee's back had shown sufficient improvement on May 3, 1971, to terminate the temporary total disability on that date.

Subsequently, a second claim petition was filed seeking temporary total disability for the period May 4, 1971, through December 10, 1971, permanent total disability after September 3, 1973, and undetermined permanent partial disability. The board awarded the employee temporary total disability from May 4 through December 9, 1971, and from September 4, 1973, through the date of the hearing, January 16, 1975. They also awarded the employee temporary partial disability for the period December 10, 1971, through September 3, 1973.

On review the employer and insurer argue that the compensation board applied an incorrect standard of proof in adjudicating the employee's second claim for benefits and that under the correct standard the employee did not sustain his burden of proof. They would have this court reach the conclusion that because the employee is bound by the board's first decision, to meet his burden on a subsequent claim for the same type of benefits he must prove a substantial change in circumstances, either as to his physical condition or the labor market.

In the first petition the employee sought compensation for continuing temporary total disability. The compensation hearing was held on June 15, 1971. This date marks the terminus of the time period for which evidence was offered and for which compensation could be awarded. On this petition the compensation board found that the employee's temporary total disability ended May 3, 1971. This was an implicit finding that the employee was not temporarily and totally disabled for the period May 4 through June 15, 1971.

Relators argue that because the employee sought but was not awarded benefits for total disability continuing beyond June 15, 1971, the

board's award operates as a finding that he was not disabled after June 15, 1971. This is not correct. An award of continuing temporary total disability would necessarily require two findings: (1) that the employee was temporarily and totally disabled on June 15, 1971; and (2) that he would continue to be temporarily and totally disabled for the foreseeable future. The evidence needed to prove the likelihood of a disability continuing indefinitely into the future is far different than that required as part of a claim made sometime in the future to prove the actual existence of the same disability during the interim period. As the matters to be proven differ, the denial of a claim for continuing temporary total disability does not increase the employee's burden on substantiating a later claim for temporary total disability for a period subsequent to the date of the compensation hearing in the original proceeding.

However, the compensation board's award of temporary total disability for the period May 4 through June 15, 1971, does not survive the same scrutiny. As noted above, the termination of temporary total disability on May 3, 1971, was an implicit finding of no temporary total disability between that date and the date of the compensation hearing. This issue, once decided, could be relitigated by petition to vacate under Minn. St. 176.461, not by a subsequent claim petition.

Our review of the record indicates that the compensation board's findings as to temporary partial and temporary total disability subsequent to June 15, 1971, are supported by substantial evidence. That portion of the compensation board's award is affirmed. The award of temporary total disability for the period May 4 through June 15, 1971, is reversed.

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed in part; reversed in part.