Rick J. LINDBERG, Relator,

v.

J & D ENTERPRISES and Royal Insurance Company, Respondent,

and

Minnesota Dept. of Labor & Industry/VRU, HMO of Minnesota/Blue Plus, Intervenors.

No. C0-95-2058.

Supreme Court of Minnesota.

Jan. 25, 1996.

Falsani, Balmer, Berglund & Peterson, Robert C. Falsani, Cynthia L. Evenson, Duluth, for Relator.

Castor, Klukas, Logren & Grove, Mark J. Padgett, Minneapolis, for Respondent.

Paul Moe, St. Paul, for Minn. Dept. of Labor & Industry/VRU.

Thomas Gilde, St. Paul, for HMO of Minnesota/Blue Plus.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the decision of the Workers' Compensation Court of Appeals, filed September 18, 1995, reversing an award of temporary partial compensation be, and the same is, reversed and the matter remanded. The employee sustained a compensable back injury for which he sought temporary partial compensation from August 4, 1992, and continuing. The compensation judge denied the claim. Subsequently, a second claim was made for temporary partial compensation from November 26, 1992, and this claim was granted following a hearing before a different compensation judge. On appeal, the WCCA reversed, concluding that to prove a second claim for the same type of benefits, even though for a different time period, an employee must have evidence of some material change in condition or circumstances. The WCCA then remanded the case for further findings consistent with its decision. In *Hirt v. Leader Hardware & Furniture Store,* 309 Minn. 572, 244 N.W.2d 269 (1976), however, we rejected the argument that on a second claim for the same kind of benefits, the employee had to prove a substantial change in condition or circumstances. We said that the "evidence needed to prove the likelihood of a disability continuing indefinitely into the future is far different than that required as part of a claim made sometime in the future to prove the actual existence of the same disability during the interim period." *Hirt,* 309 Minn. at 574, 244 N.W.2d at 271. Consequently, under *Hirt,* what is required is proof of the actual existence of a disability during the period of time for which benefits are claimed. As a practical matter, this may entail new evidence covering the subsequent period of time, but it is not necessarily the same as evidence of a material change in condition which is commonly associated with re-opening an award. We therefore remand this case to the WCCA which has the option, in its discretion, to

---

remand to the compensation judge for re-hearing, or it may, as seems more likely, consider the record sufficient for review on the issue.

BY THE COURT:
/s/ Alan C. Page
ALAN C. PAGE
Associate Justice